UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| 1. AARON MICHAEL FARMER ) | Case No. _____ |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **COMPLAINT** |
| ) | |
| 1. NORTHSTAR LOCATION ) | |
| SERVICES, LLC ) | **Jury Trial Demanded** |
| ) | |
| Defendant. ) | |

PLAINTIFF, AARON MICHAEL FARMER ("Plaintiff"), by and through the undersigned attorney, files this Complaint against DEFENDANT, NORTHSTAR LOCATION SERVICES, LLC ("Defendant"), and alleges as follows:

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the following provisions, resulting from abusive behavior against Plaintiff in the course of Defendant's attempt to collect a debt:

    (1) The Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA").

## II. JURISDICTION

2. The FDCPA claim arises under 15 U.S.C. § 1692k(d), and therefore involves a "federal question" pursuant to 28 USC § 1331.

## III. PARTIES

3. Plaintiff, AARON MICHAEL FARMER ("Plaintiff"), is a natural person residing in Mecklenburg County, NC.

4. Defendant, NORTHSTAR LOCATION SERVICES, LLC, ("Defendant") is a corporation engaged in the business of collecting debts by use of the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

## IV. FACTUAL ALLEGATIONS

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7. All activities of Defendant set out herein were undertaken in connection with the collection of a "debt," as defined by 15 USC § 1692a(5).

8. Within the last year, Defendant contacted Plaintiff by telephone in an attempt to collect an alleged outstanding debt. During that telephone conversation, Defendant performed the following acts, which amount to violations under various federal and state laws:

    a) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, including coming to a settlement agreement with Plaintiff regarding the debt and failing to notify Plaintiff that Defendant's authority to settle the debt had been withdrawn and the agreement to have his second settlement payment withdrawn would not be honored (§ 1692e(10));

b) Repeatedly contacting Plaintiff at his/her place of employment after being informed that such calls are inconvenient to Plaintiff and violate the policy of Plaintiff's employer (§ 1692c(a)(1)(3)); and,

c) Falsely representing or implying that nonpayment of Plaintiff's debt would result in the seizure, garnishment, attachment, or sale of Plaintiff's property or wages, where Defendant did not intend to take such action (§ 1692e(4)).

9. As a result of the aforementioned violations, Plaintiff suffered and continues to suffer injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

10. Defendant intended to cause, by means of the actions detailed above, injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

11. Defendant's action, detailed above, was undertaken with extraordinary disregard of, or indifference to, known or highly probable risks to purported debtors.

12. Defendant's actions, detailed above, constituted an extraordinary transgression of the bounds of socially tolerable conduct

13. To the extent Defendant's actions, detailed above, were carried out by an employee of Defendant, that employee was acting within the scope of his or her employment.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;
B. Actual damages pursuant to 15 USC 1692k;
C. Statutory damages pursuant to 15 U.S.C. § 1692k;
D. Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1692k; and,
E. For such other and further relief as may be just and proper.

This 31 day of July, 2009.

ATTORNEYS FOR PLAINTIFF
*AARON MICHAEL FARMER*

Respectfully submitted,

Dennis R. Kurz
NY Bar No. 4570453
***Kurz & Fortas, LLC***
Attorneys for Plaintiff
80 Broad Street, 5th Floor
New York, NY 10004
(404) 856-3888
(404) 856-3892 (fax)
dkurz@kurzandfortas.com

***PLEASE SEND ALL CORRESPONDENCE TO:***

Dennis R. Kurz
Kurz & Fortas, LLC
1932 North Druid Hills Road NE, Suite 200
Atlanta, Georgia 30319